IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

vs.                                                Civil No. 03-278 RB/RHS
                                                        Crim. No. 99-929 JP

RICARDO CORTEZ,

    Defendant / Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Mr. Cortez's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody," ("Motion"), file-stamped February 28, 2003 **[Doc. 1]**. Movant is currently incarcerated and is proceeding *pro se*. As a preliminary matter, the Court notes that this proceeding was stayed pending Mr. Cortez's challenge of a prior state conviction. On March 12, 2007, the stay was lifted, following the parties' reports that Mr. Cortez's challenge to his state conviction has been dismissed. (See Status Reports **[Docs. 21, 22]**; Order Lifting Stay **[Doc. 23]**). Accordingly, the Court will proceed to consider Mr. Cortez's § 2255 motion.

    2. "Mr. Cortez pled guilty to an information charging him with possession with intent to distribute 50 kilograms or more of marijuana, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2." United States v. Cortez, 31 Fed.Appx. 611, 613, 2002 WL 393844, at **1 (10th Cir. Mar. 14, 2002) (not published in the Federal Reporter). Subsequent to his plea, Mr. Cortez "was sentenced as a career offender to 151 months imprisonment and three years supervised release." Id.

3. Mr. Cortez's § 2255 motion raises three claims of error which involve alleged deficiencies of counsel:

(I)     counsel failed to attack the chain of custody;

(II)    counsel provided ineffective assistance during Mr. Cortez's plea hearing; and

(III)   counsel provided ineffective assistance during Mr. Cortez's sentencing.

(Motion at 6-7).

**Standards of Review**

4. The general rule is that collateral attacks concerning guilty pleas are prohibited. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Frady, 456 U.S. 152, 165-66 (1982) (noting that in order to obtain collateral relief, a petitioner must clear a significantly higher hurdle than would exist on direct appeal). Once a defendant has pleaded guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted).

5. Thus, the relevant inquiry in a challenge to a guilty plea proceeding is limited to whether the underlying plea was both counseled and voluntary. Tollett, 411 U.S. at 263-64; Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993). However, the fact that a valid guilty plea precludes most challenges to a conviction, "in no way suggests a prospective waiver of subsequent and independent sentencing error." United States v. Glover, 97 F. 3d 1345, 1348 & n.3 (10th Cir. 1996).

6. In order for Mr. Cortez to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir.

1998).  He must show both (1) that counsel's performance was deficient and (2) that this deficient conduct prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994).

7.  To meet the first prong of the Strickland test, Movant must show that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688).  In order to do so, Petitioner must overcome the strong presumption that his attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases.  Gillette, 17 F.3d at 310; see Hill, 474 U.S. at 56.  With respect to this prong, Movant must show that defense counsel's performance was not merely wrong, but rather completely unreasonable.  See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997) (citations omitted).

8.  Second, assuming that Mr. Cortez satisfies the first prong, he must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice regarding a challenge to plea proceedings, a petitioner must show that there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59; Gonzales v. Tansy, No. 94-2203, 65 F.3d 178, 1995 WL 509954, at **1 (10th Cir. Aug. 29, 1995) (unpublished table decision).  A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong.

## Discussion

*Ground I - Chain of custody (amount of drugs)*

9.  In this ground, Mr. Cortez contends that his counsel was ineffective in "failing to

3

attack the chain of custody." (Motion at 6). Mr. Cortez alleges that he told counsel he "had 80 pounds of marijuana," gave counsel a copy of the criminal complaint, and "repeatedly [asked counsel] for the discovery on this case, which she never provided." (Motion at 6). As the Government notes, Mr. Cortez's implied argument in this ground is that his counsel was ineffective in failing to investigate the amount of drugs in his possession.

10. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Nguyen v. Reynolds, 131 F.3d 1340, 1347 (10th Cir. 1997) (citations and internal quotation marks omitted). Here, Mr. Cortez fails to show that counsel's alleged failure to investigate either fell below an objective standard of reasonableness or resulted in prejudice.

11. Mr. Cortez signed a written Plea Agreement, indicating the amount of marijuana involved in the charge against him was "50 kilograms and more." (See Plea Agreement at 2 ¶ 3). On August 17, 1999, Mr. Cortez appeared before the Honorable Joe E. Galvan, United States Magistrate Judge, who "conducted a thorough [plea] colloquy pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure." Cortez, 31 Fed.Appx. at 614, 2002 WL 393844, at **2. At the plea hearing, Mr. Cortez agreed that approximately 120 pounds of marijuana was found in the vehicle he was driving. (See Transcript of Plea Hearing ("Plea Tr.") at 11-12).

12. A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements. See United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988). Moreover, a defendant's statements on the record "as well as any findings made by the

judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (quoted in Romero, 45 F.3d at 1033); see also Estrada, 849 F.2d at 1306; Worthen v. Meachum, 842 F.2d 1179, 1183-84 (10th Cir. 1988) (citations omitted), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991) (finding that where a defendant "states on the record that he has not been coerced, threatened or promised anything for pleading guilty, those statements form a formidable barrier in collateral proceedings such as this one").

13. The Presentence Report ("PSR") distributed on October 7, 1999 reflected that "a total of 64 bundles with a net weight of 120.1 pounds" of marijuana was discovered in the vehicle that Mr. Cortez was driving. (PSR at 3 § 7). When Mr. Cortez filed an Amended Sentencing Memorandum and Incorporated Motion for Downward Departure, asserting that he possessed 80 pounds of marijuana, Probation Officer Kelly A. Cockrell spoke with Assistant U.S. Attorney James R. W. Braun regarding Mr. Cortez's allegation of a discrepancy in the drug amount. (Second Addendum to the PSR ("PSR 2d") at 1).

14. According to Mr. Braun, the DEA initially believed the amount of marijuana to be 80 pounds, and a criminal complaint was filed in state court on May 18, 1999 charging Mr. Cortez with possessing that amount. (PSR 2d at 1). However, "upon further inspection, investigators determined the gross weight of the marijuana to be approximately 121 pounds"[1] and on May 20, 1999, a criminal complaint was filed in federal court "charging [Mr. Cortez with] that conduct." (PSR 2d at 1).

---

[1] "DEA laboratory reports confirm the drug quantity to be 120.9 pounds of marijuana, or the equivalent of 54.477 kilograms." (PSR 2d at 1-2).

15. To the extent that Mr. Cortez argues that the evidence against him is insufficient, such a claim fails where a defendant enters into a guilty plea for which a factual basis exists. See United States v. Barnhardt, 93 F.3d 706, 710 (10th Cir. 1996) (quoting Fed.R.Crim.P 11(f)) ("The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea"); see also United States v. Broce, 488 U.S. 563 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

16. In light of the record, to include the Plea Agreement signed by Mr. Cortez, Mr. Cortez's statements at his plea hearing, and the information contained in the PSR and PSR 2d, the Court finds that Mr. Cortez's bare allegations in Ground I simply do not present believable, valid reasons to justify collateral relief.[2]  They establish neither deficient conduct on the part of counsel nor prejudice arising therefrom.  Accordingly, the Court concludes that Mr. Cortez is not entitled to relief on this basis.

   *Ground II - Plea*

17. In this ground, Mr. Cortez alleges that counsel, Ms. Jane Greek, was ineffective because she "knew that [Mr. Cortez] had 2 qualifying prior convictions" and failed to warn Mr. Cortez that there was a risk he may be sentenced as a career offender.  (Motion at 7).  Construing his allegations liberally, Mr. Cortez contends that he was unlawfully induced into entering into a guilty plea because Ms. Greek told him that he would be sentenced to no more than 30 to 37 months of incarceration.

---

[2] Conclusory allegations are insufficient to support claims of ineffective assistance of counsel.  See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994).

18. The Court notes that the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has considered and rejected Mr. Cortez's claim that Ms. Greek provided ineffective assistance during his plea proceedings. See Cortez, 31 Fed.Appx. at 620, 2002 WL 393844, at **6 (concluding that "Ms. Greek's conduct in representing Mr. Cortez [during plea negotiations] was objectively reasonable"). The Tenth Circuit specifically noted that there "is no evidence that Ms. Greek actually promised or assured Mr. Cortez he would be sentenced to only three years in jail[,]" and while Ms. Greek's "legal conclusions [regarding the calculation of Mr. Cortez's criminal history] . . . turned out to be erroneous, they were not unreasonable." Id. Issues previously considered and disposed of on appeal will not be considered for federal review under § 2255. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Thus, Mr. Cortez's argument that counsel rendered ineffective assistance on this basis necessarily fails.

*Ground III - Sentencing*

19. In Ground III, Mr. Cortez claims ineffective assistance of counsel because his attorney failed to request "the minor role departure during the Sentencing Hearing, or object to the failure of the probation officer to include the departure in the [PSR] final sentencing calculations." (Motion at 7). Mr. Cortez apparently contends that he is entitled to a "minor role" reduction in offense level based on a stipulation contained in the Plea Agreement.

20. Due process guarantees all defendants the right to be sentenced under an accurate understanding of the law and any facts relevant to sentencing. See generally United States v. Tucker, 404 U.S. 443, 447 (1972); Townsend v. Burke, 334 U.S. 736, 740-41 (1948). However, "the burden is on the defendant to show that a reduction in sentencing is appropriate." United States v. Verners, 103 F.3d 108, 110 (citing United States v. Ayers, 84 F.3d 382, 383 (10th Cir.

7

1996) ("It is the defendant's burden to establish by a preponderance of the evidence that he or she is entitled to an offense reduction [under § 3B1.2].")).

21.     During his plea hearing, Mr. Cortez "affirmed that he understood . . . that the appropriate sentence to impose, and the appropriate departures, if any, to grant, would be left to the sole discretion of the court." Cortez, 31 Fed.Appx. at 614, 2002 WL 393844, at **2 (citing Plea Tr. at 5-8). Mr. Cortez also "affirmed that he . . . . [understood] he could face [*inter alia*] up to 20 years' imprisonment . . . ." Id. (citing Plea Tr. at 5-11) (quotations omitted).

22.     On October 7, 1999, "[a] presentence report was submitted to the district court[,] with copies to the parties[,] . . . . recommend[ing] that Mr. Cortez be sentenced as a career offender."[3] Id. 31 Fed.Appx. at 615, 2002 WL 393844, at **2 (citing PSR at 1). The PSR "rel[ied] on a 1983 conviction for the unlawful delivery of marijuana and a 1984 conviction for, among other things, the assault upon and kidnaping of a federal officer." Id.

23.     On September 29, 2000, a sentencing hearing was held before the Honorable Monti L. Belot, and Mr. Cortez was sentenced to 151 months imprisonment. Id. 31 Fed.Appx. at 616, 2002 WL 393844, at **3 (noting that a sentence of twelve years and seven months was "well below the 20 year statutory maximum Mr. Cortez was advised he could receive"). Judge Belot "specifically adopted the findings and sentencing calculations" set forth in the PSR, and granted a "three-level departure for substantial assistance under U.S.S.G. § 3E1.1, but not the two-level departure for 'minor participant' under U.S.S.G. § 3B1.2." Id. 31 Fed.Appx. at 616, 2002 WL 393844, at **3 & n.5. "Judge Belot did not explain his reasoning for refusing the 'minor-

---

[3]In preparing the PSR, the Probation Office used the 1998 edition of the Sentencing Guidelines Manual. (PSR at 3 ¶ 10).

participant' departure, and Mr. Cortez's counsel, Mr. Stevers, did not object or otherwise request the departure."[4] Id.

24. In United States v. Jeppeson, 333 F.3d 1180 (10th Cir. 2003), the Tenth Circuit considered the question of whether career offenders are eligible for a mitigating role reduction under § 3B1.2 of the Sentencing Guidelines[5] and held that "[t]he career offender guideline trumps all other offense level adjustments, with the exception of reductions for the acceptance of responsibility."[6] Id. at 1184 (quoting United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir. 1997)). In reaching this holding, the Jeppeson Court rejected defendant's argument that the Sentencing Guidelines are ambiguous as to the permissibility of a § 3B1.2 adjustment and pointed out that "nothing in the Guidelines suggests . . . that a role in offense adjustment under § 4B1.2 should be applied *after* a career offender adjustment is made." Jeppeson, at 1182 n.1 & 1184. Indeed, the Court observed that "the sequence set forth in § 1B1.1 indicates just the opposite." Jeppeson, 333 F.3d at 1184 (citation omitted).

25. Here, Mr. Cortez's allegations fail to show that his sentencing counsel's conduct was deficient. At the sentencing hearing, Mr. Stevers argued that Mr. Cortez did not qualify as a career offender and requested the Sentencing Court to impose a sentence at the lowest end of the

---

[4]Although the PSR noted "the government's stipulation that Mr. Cortez was entitled to a departure for 'minor participant,' the report's final recommendation and sentencing calculation included only the departure for acceptance of responsibility, without any explanation." Id. n.5.

[5]"[E]very other federal appellate court that has addressed the question has concluded that a defendant is not entitled to a downward adjustment under § 3B1.2 following a career offender adjustment under § 4B1.1." Jeppeson, 333 F.3d at 1182 (citations omitted).

[6]The relevant language of the 1998 Sentencing Guidelines is identical to that contained in the November 2001 version, which was considered by the Jeppeson Court.

guidelines. (Sentencing Tr. at 21). However, given the overwhelming case law from other circuits and the Sentencing Guidelines' unambiguous language indicating that a career offender is not entitled to a role reduction under § 3B1.2, this Court cannot find that counsel acted unreasonably in failing to object to the PSR or request a minor role reduction once the Sentencing Court determined that Mr. Cortez was a career offender.[7] Counsel is not ineffective for failing to raise an issue that lacks merit. See United States v. Dixon, 1 F.3d 1080, 1083 n.5 (10th Cir. 1991), abrogated on other grounds by, Florida v. White, 526 U.S. 559 (1999). Accordingly, the Court finds that Movant is not entitled to relief on this basis.

26. Finally, because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Movant is not entitled to relief, the Court finds that an evidentiary hearing is not necessary. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

### Conclusion and Recommendation

In sum, the Court finds that Mr. Cortez is not entitled to any relief with respect to those claims properly raised in his motion pursuant to § 2255. Accordingly, the Court recommends that Mr. Cortez's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objection to such proposed findings and recommendations. A party must file any objections with the clerk of the

---

[7]The Court notes that Mr. Cortez apparently attempted to request a minor role reduction at his sentencing hearing. (See Sentencing Tr. at 23 (stating that "I had a minor, and it was a related downward departure . . . .")).

district court within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE